(Reap. Dec. 11037)

UNITED STATES v. W. R. FILBIN & COMPANY

Entry No. 3544, etc.

(Decided July 7, 1965)

*John W. Douglas*, Assistant Attorney General (*Morris Braverman*, trial attorney), for the plaintiff.

*John C. Ray* for the defendant.

NICHOLS, Judge: When this case was called for trial before me at Detroit, Mich., on May 19, 1965, it was submitted on the following stipulation of counsel for the respective parties:

MR. BRAVERMAN : May it please the court, may we offer the following oral stipulation :

It is hereby stipulated and agreed by and between the parties hereto, subject to the approval of the Court, as follows :

(1) That this appeal for reappraisement is limited to the merchandise described on the respective invoices or noted by the examiner as T-Bird deluxe wheel covers, item No. C4SA–1130B, sometimes also described as CML No. 21830, and item No. C4SZ–1130B, sometimes described as CML No. 22000;

(2) That the involved merchandise was entered or withdrawn from warehouse for consumption on or after February 27, 1958, and is identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, as automobile parts, finished;

(3) That at the time of exportation of the merchandise involved herein there was no foreign, export, or United States value as defined in section 402a(c), 402a(d), or 402a(e), Tariff Act of 1930, as amended; that the cost of production of the involved merchandise as defined in section 402a(f), Tariff Act of 1930, as amended, including the cost of materials and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production of the involved merchandise in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of similar merchandise, plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the involved merchandise in condition, packed ready for shipment to the United States, plus an addition for profit provided for in section 402a(f)(4) of said Act equal to (a) $3.36 (Canadian currency) for all of the involved merchandise which was exported prior to September 1, 1963, (b) $3.416 (Canadian currency for all of the involved merchandise exported from September 1, 1963 to and including March 6, 1964, and (c) $3.43 (Canadian currency) for all of the involved merchandise exported after March 6, 1964.

It is further stipulated and agreed that the appeal to reappraisement referred to herein may be submitted on this stipulation.

MR. RAY : It is so stipulated and agreed, your Honor.

JUDGE NICHOLS : The case is submitted by both parties on that stipulation?

MR. BRAVERMAN : Yes, your Honor.

MR. RAY : Yes, your Honor.

On the agreed facts, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchan-

dise involved herein, described in paragraph (1) of the stipulation, and that such values are:

(a) $3.36 (Canadian currency) for the merchandise exported prior to September 1, 1963;

(b) $3.416 (Canadian currency) for the merchandise exported from September 1, 1963, to and including March 6, 1964; and

(c) $3.43 (Canadian currency) for the merchandise exported after March 6, 1964.

Judgment will be rendered accordingly